IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM R. DAVENPORT, | | |
| Petitioner, | No. CIV S-08-1438 MCE DAD P | |
| vs. | | |
| JAMES D. HARTLEY, Warden, | <u>ORDER AND</u> | |
| Respondent. | <u>FINDINGS AND RECOMMENDATIONS</u> | |
| _____ / | | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 3, 2008, the undersigned ordered respondent to file a response to the petition. On August 29, 2008, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss. Respondent has filed a timely reply.

**BACKGROUND**

    On January 28, 1999, an El Dorado County Superior Court jury convicted petitioner of robbery, burglary, unlawful taking of a vehicle, petty theft with a prior, making a terrorist threat, inflicting injury on a spouse, and unlawful possession of a firearm. (Docs. Lodged by Resp't Sept. 5, 2008, Docs. 1-2.) The jury also found a number of sentencing

1  enhancement allegations to be true.  (Id., Docs. 1-2.)  The trial court sentenced petitioner to a
2  term of seventeen years in state prison.  (Id., Docs. 1-2.)  On April 19, 2001, the California Court
3  of Appeal for the Third Appellate District modified the judgment by striking petitioner's
4  conviction for theft and its accompanying enhancement because petitioner could not properly be
5  convicted of both robbery and theft based on the same conduct.  In so doing, however, the Court
6  of Appeal did not alter petitioner's aggregate sentence because the sentence with respect to the
7  reversed theft count and use enhancement had been stayed in any event.  The Court of Appeal
8  affirmed the judgment in all other respects.  (Id., Doc. 2.)  On June 27, 2001, the California
9  Supreme Court denied review.  (Id., Doc. 4.)

10           On April 22, 2007, petitioner filed a petition for writ of habeas corpus in the El
11  Dorado County Superior Court.  (Docs. Lodged by Resp't Sept. 5, 2008, Doc. 5.)  On May 23,
12  2007, the Superior Court denied the petition for failure to state a prima facie claim.  (Id., Doc. 6.)
13  On June 24, 2007, petitioner field a petition for writ of habeas corpus in the California Court of
14  Appeal for the Third Appellate District.  (Id., Doc. 7.)  On July 5, 2007, the Court of Appeal
15  denied the petition with a citation to In re Consiglio, 125 Cal. App. 4th 511, 516 (2005).  (Id.,
16  Doc. 8.)  Finally, on July 16, 2007, petitioner filed a petition for writ of habeas corpus in the
17  California Supreme Court.  (Id., Doc. 9.)  On January 23, 2008, the California Supreme Court
18  summarily denied that petition.  (Id., Doc. 10.)

19           On June 17, 2008, petitioner filed the instant federal petition in the United States
20  District Court for the Northern District of California.  On June 23, 2008, the Northern District
21  transferred the case to this court, where venue is proper.

22                    **RESPONDENT'S MOTION TO DISMISS**

23           Respondent moves to dismiss on the ground that petitioner's habeas petition is
24  time-barred under AEDPA.  (Resp't's Mot. to Dismiss at 1.)  Respondent argues that the
25  California Supreme Court denied the petition for review on June 27, 2001, causing petitioner's
26  judgment of conviction to become "final" on September 25, 2001, after the time for filing a

1  petition for writ of certiorari in the United State Supreme Court expired.  Respondent argues that
2  under AEDPA, the one-year statute of limitations period for filing a federal habeas petition began
3  to run the following day on September 26, 2001 and expired on September 25, 2002.  (Id. at 2-3.)
4       Respondent acknowledges that the proper filing of a state post-conviction
5  application challenging a judgment of conviction tolls the one-year statute of limitations period.
6  (Resp't's Mot. to Dismiss at 3.)  However, respondent argues that here petitioner did not file any
7  state collateral attacks on his conviction within the one-year federal limitations period.  In
8  addition, respondent argues that petitioner is not entitled to statutory tolling while his petitions
9  for a writ of habeas corpus were pending in state court because he filed them after expiration of
10 the statute of limitations for the filing of a federal petition.  (Id. at 3-4.)
11      Respondent concludes that petitioner's federal petition for a writ of habeas corpus
12 is untimely and should be dismissed with prejudice.  (Resp't's Mot. to Dismiss at 4.)

### PETITIONER'S OPPOSITION

14      In a brief opposition, petitioner argues that he is seeking retroactive application of
15 "new rules" announced by the United States Supreme Court in Apprendi v. New Jersey, 530 U.S.
16 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), Blakely v. Washington, 542 U.S. 296 (2004)
17 and Cunningham v. California, 549 U.S. 270 (2007).  Petitioner also contends that the state
18 courts based their decisions on an unreasonable determination of the facts in light of the evidence
19 presented in the state court proceedings.  Petitioner concludes that he is entitled to federal review,
20 and respondent's motion to dismiss should be denied.  (Pet'r's Opp'n to Resp't's Mot. to
21 Dismiss at 1-2.)

### RESPONDENT'S REPLY

23      In reply, respondent has construed petitioner's argument as one that the
24 commencement of the running of the statute of limitations in his case should be delayed pursuant
25 to 28 U.S.C. § 2244(d)(1)(C) (providing that the statute of limitations may begin to run on "the
26 date on which the constitutional right asserted was initially recognized by the Supreme Court, if

the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.") Having so construed plaintiff's contention, respondent first argues that the United States Supreme Court issued its decision in <u>Apprendi</u> in 2000 and that petitioner is not entitled to a delayed commencement of the statute of limitations based on the new rule announced in that case because it was decided before petitioner's conviction became final. In addition, respondent argues that in <u>Ring</u> the Supreme Court merely applied the holding of <u>Apprendi</u> in the context of a death penalty cases and did not recognize a new right. Accordingly, the date of the decision in <u>Ring</u> cannot signal the commencement of the statute of limitations with respect to petitioner's claims. Next, respondent argues that although the Supreme Court announced a new rule in <u>Blakely</u>, that rule does not apply retroactively to cases where the judgment became final on direct review before <u>Blakely</u> was decided. Finally, respondent argues that no new rule was announced in <u>Cunningham</u> but rather the Supreme Court in that case merely applied the holding of <u>Blakely</u>. (Resp't's Reply at 1-2.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

/////

/////

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of § 2244(d)(1)(A)</u>

   It is undisputed that on January 28, 1999, an El Dorado County Superior Court jury convicted petitioner of robbery, burglary, unlawful taking of a vehicle, petty theft with a prior, making a terrorist threat, inflicting injury on a spouse, and unlawful possession of a firearm. On April 19, 2001, the California Court of Appeal modified petitioner's judgment of conviction by striking the conviction for theft and its accompanying enhancement but otherwise affirming the conviction. On June 27, 2001, the California Supreme Court denied petitioner's petition for review. For purposes of federal habeas review, petitioner's conviction became final on September 25, 2001, ninety days after the California Supreme Court's denial of his petition for review, and the AEDPA one-year statute of limitations period began to run the following day, on September 26, 2001. The statute of limitations for the filing of a federal habeas petition therefore expired on September 25, 2002. However, petitioner did not file his federal habeas petition until almost six years later, on June 17, 2008. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless the commencement of the statute of limitations in his case was delayed by the United States Supreme Court's subsequent recognition of a new right which he may assert or he is entitled to the benefit of statutory or equitable tolling.

III. Application of § 2244(d)(1)(C)

Petitioner's argument that he is entitled to a later commencement of the statute of limitations because of a newly recognized constitutional right by the Supreme Court is misplaced. To the extent petitioner is claiming that his petition is timely based on a right newly recognized by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), his claim fails. Apprendi was decided by the Supreme Court on June 26, 2000, before petitioner's conviction became final on September 25, 2001. Thus, Apprendi was established law which petitioner could have raised on appeal or in his petition for review filed with the California Supreme Court. He did not do so. Instead, he waited over six years before alleging a violation of Apprendi. Accordingly, he does not qualify for a later statute of limitations trigger date based upon the decision in Apprendi. See Huang v. Almager, No. CV 07-3059-SJO (PLA), 2008 WL 624711, *3 (C.D. Cal. Mar. 4, 2008); Lewis v. LaMarque, No. C 02-380 SI (PR), 2002 WL 1766581, *1 (N.D. Cal. July 26, 2002) ("[E]ven if this delayed start limitations period applied to Lewis, his federal petition would be untimely because neither his federal nor his state habeas petitions were filed within a year of the Apprendi decision.")

In addition, insofar as petitioner contends he is entitled to a delayed statute of limitations trigger based upon rights newly recognized by the Supreme Court in Ring v. Arizona, 536 U.S. 584 (2002) and Blakely v. Washington, 542 U.S. 296 (2004), his argument fails. Under § 2244(d)(1)(C) in order for a newly recognized right to delay the statute of limitations, the right must not only be newly recognized but must also be retroactively applicable to cases on collateral review. The decisions in Ring, Blakely and Cunningham have all been found to be not retroactively applicable to cases on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004) (new rule announced in Ring does not apply retroactively); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (new rule announced in Blakely does not apply retroactively).

Finally, petitioner is not entitled to a delayed statute of limitations trigger based on the decision in Cunningham v. California, 549 U.S. 270 (2007) because that case did not

announce a new rule but rather simply applied the principles previously announced in the <u>Blakely</u> decision.  <u>Butler v. Curry</u>, 528 F.3d 624, 636 (9th Cir. 2008) (<u>Cunningham</u> "simply applied the rule of <u>Blakely</u>."); <u>Thomas v. Yates</u>, No. Civ. S-08-0095 FCD GGH P, 2008 WL 4177608, *2 (E.D. Cal. Sept. 4, 2008) ("<u>Cunningham</u> has been determined to be retroactive to cases on collateral review, but not a new rule, thereby not satisfying the second requirement.  Therefore, the alternative start date of subsection (C) for petitioner's case is not implicated by any of the cases.  The statute of limitations analysis is governed by the "usual" rule-subsection (A)."); <u>Oluomi v. Marshall</u>, No. CV 08-03895 ODW (SS), 2008 WL 4716878, *2 (C.D. Cal. Oct. 23, 2008) (same).

Because the decisions in <u>Apprendi</u>, <u>Ring</u>, <u>Blakely</u>, and <u>Cunningham</u> cannot operate so as to delay the commencement of the statute of limitations under § 2244(d)(1)(C) in petitioner's case, § 2244(d)(1)(A) governs the limitations period trigger date here.

IV.  <u>Statutory Tolling</u>

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending."  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  <u>Carey v. Saffold</u>, 536 U.S. 214, 222-24 (2002).

Petitioner did not file any state habeas petitions challenging his conviction in the year following September 26, 2001.  Thus, the one-year period of limitation ran without

/////

interruption from September 26, 2001, until it expired on September 25, 2002.[1] Petitioner's federal habeas petition dated June 17, 2008, was received by the court for filing on June 18, 2008, over five years after the AEDPA statute of limitations had expired. Accordingly, no statutory tolling is available, and petitioner's federal petition for writ of habeas corpus is time-barred.

## OTHER MATTERS

Also before the court is petitioner's motion for appointment of counsel. Petitioner is advised that there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, particularly in light of the findings and recommendations herein, the court does not find that the interests of justice would be served by the appointment of counsel.

## CONCLUSION

IT IS HEREBY ORDERED that petitioner's June 18, 2008 motion for appointment of counsel (Doc. No. 2) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's August 29, 2008 motion to dismiss the petition as barred by the statute of limitations (Doc. No. 10) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[1] As noted above, petitioner filed three petitions for a writ of habeas corpus in state court. However, by the time he filed these petitions, the statute of limitations for the filing of a federal petition had long since expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2001) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  A document containing objections
3  should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply
4  to objections shall be served and filed within ten days after service of the objections.  The parties
5  are advised that failure to file objections within the specified time may, under certain
6  circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dave1438.157